10-2148-cv
Manzo v. Sovereign Motor Cars, Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
          ROGER J. MINER,
          DENNY CHIN,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -x

ISABEL MANZO,
          <u>Plaintiff-Appellee</u>,

          -v.-                                    10-2148-cv

SOVEREIGN MOTOR CARS, LTD., EDWARD FELDMAN,
JACK MATALON,
          <u>Defendants-Appellants</u>.

- - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLEE:      AVRAHAM C. MOSKOWITZ (Chaim B. Book,
                             Jonathan S. Konovitch, <u>on the brief</u>),
                             Moskowitz, Book & Walsh, LLP, New
                             York, New York.

FOR DEFENDANTS-APPELLANTS:   RICHARD E. LERNER, Wilson, Elser,
                             Moskowitz, Edelman & Dicker LLP, New
                             York, New York.

        Appeal from a judgment of the United States District Court

for the Eastern District of New York (Gleeson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellee Isabel Manzo appeals from a May 24, 2010 judgment of the district court in an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1-17, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107-31, alleging sexual harassment through the creation of a hostile work environment and retaliatory firing. After a jury trial, Manzo was awarded $50,000.00 in compensatory damages, $200,000.00 in punitive damages, $314,534.00 in attorneys' fees, and $11,911.39 in costs. Defendants-appellants ("defendants") appealed, challenging the award of punitive damages and attorneys' fees. The parties thereafter notified this Court that they had settled defendants' challenge to the punitive damages award, and thus we review only defendants' challenge to the attorneys' fees award. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a district court's award of attorneys' fees for abuse of discretion, and we will reverse only if the decision rested on an error of law or a clearly erroneous finding of fact, or was not otherwise "'within the range of permissible decisions.'" McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010) (quoting Kickham Hanley P.C. v. Kodak Ret. Income Plan, 558 F.3d 204, 209 (2d Cir. 2009)). Our review of fee decisions is especially deferential because the district court "'is intimately [more] familiar with the nuances of the case, [and thus] is in a far better

position to make [such] decisions.'" Goldberger v. Integrated Res., Inc., 209 F.3d 43, 48 (2d Cir. 2000) (quoting In re Bolar Pharm. Co. Sec. Litig., 966 F.2d 731, 732 (2d Cir. 1992) (per curiam)).

After independently reviewing the record below, we conclude that the district court's thorough and well-reasoned decision fell within its broad discretion to grant attorneys' fees. We have considered appellants' arguments on appeal and have found them to be without merit. Hence, we affirm the district court's award of fees.

Manzo also requests attorneys' fees and costs for this appeal. We conclude that an award of appellate attorneys' fees and costs is appropriate here. See Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 143-44 (2d Cir. 2007); Quaratino v. Tiffany & Co., 166 F.3d 422, 428 (2d Cir. 1999).

Accordingly, the judgment of the district court is hereby **AFFIRMED**. We **REMAND** for the district court to determine Manzo's reasonable appellate attorneys' fees and costs for defending this appeal and for the entry of a supplemental judgment in that amount.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-3-